**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | CASE NO. 08cr3236 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ANTONIO DIAZ-DELGADO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is Defendant's Motion to Suppress Evidence and Statements. (Doc. # 10.)

**FACTS**

On November 25, 2008, the Court held an evidentiary hearing. Robert Von Kaenel, a federal agent with the Drug Enforcement Administration ("DEA") testified that on July 2, 2008, he was working with an informant that had been arrested earlier that same day. Agent Von Kaenel testified that he was present when the informant placed a call to Ricardo Lopez and negotiated a methamphetamine transaction. The informant arranged to meet the Lopez in the parking lot of an Albertsons grocery store and Lopez gave the informant a description of the vehicle he would be arriving in.

Agent Von Kaenel testified that after the meeting was set up between the informant and Lopez, he and other DEA agents established surveillance at the Albertsons parking lot. Agent Von Kaenel testified that he was in his vehicle with the informant and observed a

vehicle that matched the description of the vehicle that Lopez was arriving in pull into the parking lot. Agent Von Kaenel testified that the informant placed a call to Lopez from his vehicle in order to confirm whether the vehicle observed was the vehicle that Lopez was arriving in. Agent Von Kaenel testified that agents observed the passenger of the vehicle under observation on his phone after the informant placed the call. Agent Von Kaenel testified that the informant was able to look into the vehicle and identified the passenger of the vehicle as Lopez.

Agent Von Kaenel testified that the DEA requested San Diego Sheriff deputies to assist in the stop of the vehicle. San Diego Sheriff deputies approached and stopped the vehicle. Defendant Antonio Diaz-Delgado was the driver of the vehicle. The deputies discovered methamphetamine in the car.

On August 26, 2008, Defendant was placed into the custody of Immigration and Customs Enforcement ("ICE"). On that same day at 11:45 a.m., Defendant was advised of his *Miranda* rights by ICE Agent Jesus Robles. Defendant stated that he was a citizen of Mexico and did not possess legal documents that would allow him to reside in the United States. Defendant stated that he entered the United States sometime between February and April of 2007.

On September 24, 2008, the federal grand jury returned an indictment against Defendant charging that he is an alien, who previously had been excluded, deported, and removed from the United States to Mexico, found in the United States without permission to reenter in violation of Title 8, United States Code, Sections 1326 (a) and (b).

**I.    Motion to Suppress Evidence**

Defendant moves to suppress evidence on grounds that the agents did not observe facts that would support a reasonable suspicion to stop the vehicle Defendant was driving. Defendant contends that all evidence obtained from the illegal stop should be suppressed as fruit from a poisonous tree. The Government contends that there was a reasonable suspicion to conduct a *Terry* stop of the vehicle.

The Fourth Amendment prohibits "unreasonable searches and seizures" by the

1  Government, and its protections extend to brief investigatory stops of persons or vehicles
2  that fall short of traditional arrest. *Terry v. Ohio*, 392 U.S. 1, 9 (1968).  The Fourth
3  Amendment is satisfied if the officer's action is supported by reasonable suspicion to
4  believe that criminal activity may be afoot. *United States v. Arvizu*, 534 U.S. 266, 273
5  (2002); *see also United States v. Cortez*, 449 U.S. 411, 417 (1981) ("An investigatory stop
6  must be justified by some objective manifestation that the person stopped is, or is about to
7  be, engaged in criminal activity.").  When making the determination whether the officer's
8  action is supported by a reasonable suspicion, the Court should examine the "totality of the
9  circumstances" and determine whether the officer had a "particularized and objective basis"
10 for suspecting legal wrongdoing. *Cortez*, 449 U.S. at 417-418.

11        Agent Von Kaenel testified that the informant placed a call to Lopez in his presence
12 and negotiated the methamphetamine transaction, that the informant and Lopez agreed to
13 meet at a certain Albertsons grocery store, and that Lopez provided a description of the
14 vehicle he would be arriving in to the informant.  Agent Von Kaenel testified that he and
15 other agents established surveillance at the Albertsons parking lot and that he observed a
16 vehicle pull into the Albertsons parking lot that matched the description of the vehicle
17 Lopez told the informant he would be arriving in.  Agent Von Kaenel testified that the
18 informant placed a call to Lopez from his vehicle in order to confirm that the vehicle
19 observed in the Albertsons parking lot was the vehicle that Lopez was arriving in, and that
20 agents observed the passenger in the vehicle under observation on his phone after the
21 informant placed the call to Lopez.

22        Based upon the totality of circumstances, the Court finds that the information known
23 to the agent provided the agents with a particularized and objective basis to believe the
24 Defendant and Lopez were about to be engaged in criminal activity, that is, a
25 methamphetamine transaction. The Court concludes that the stop did not violate the
26 Defendant's fourth amendment rights and the motion to suppress evidence is denied.
27         Even if the Defendant is successful in his motion to suppress evidence, the
28 Defendant's identity is not itself suppressible.  Once the Government is aware of the

1  Defendant's identity, the Government may rely on his identity, and his criminal and
2  immigration records, in bringing charges against him under Title 8, United States Code,
3  Section 1326.  *See United States v. Ortiz-Hernandez*, 427 F.3d 567, 577 (9th Cir. 2005).

4  **II.    Motion To Suppress Statements**

5  Defendant moves to suppress his statements on the grounds of an invalid *Miranda*
6  waiver.  Defendant contends that the waiver of his *Miranda* rights was not made
7  voluntarily, knowingly and intelligently.  The Government contends that the Defendant was
8  advised of his *Miranda* rights and voluntarily and knowingly waived his *Miranda* rights.
9  The Government further contends that statements made by the Defendant were made
10 voluntarily and not coerced.

11 A statement is not compelled within the meaning of the Fifth Amendment if an
12 individual "voluntarily, and knowingly and intelligently" waives his constitutional
13 privilege.  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  The inquiry into the validity of a
14 *Miranda* waiver involves two distinct issues: 1) whether the relinquishment of the right was
15 a "product of a free and deliberate choice" and 2) whether "the waiver was made with a full
16 awareness of both the nature of the right being abandoned and the consequences of the
17 decision to abandon it." *Moran v.* Burbine, 475 U.S. 412, 421 (1986).

18 "A confession is involuntary under the fourteenth amendment if the police use
19 coercive activity to undermine the suspect's ability to exercise his free will." *Id.* at 818; *see*
20 *also Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("coercive police activity is a
21 necessary predicate to the finding that a confession is not 'voluntary' within the meaning of
22 the Due Process Clause of the Fourteenth Amendment").

23 In this case, Immigration and Customs Enforcement Agent Jesus Robles testified at
24 the evidentiary hearing that he advised the Defendant of his *Miranda* rights in Spanish, that
25 Defendant voluntarily waived these rights, and that Defendant executed a written waiver in
26 Spanish.  (Ex. # 1.)  There is no evidence presented to suggest that Defendant was not fully
27 aware of the nature of the rights he voluntarily and knowingly waived.  There is no
28 evidence presented to suggest that statements made after Defendant waived his *Miranda*

1  rights were coerced.  The Court concludes that the preponderance of the evidence indicates
2  that the statements were voluntarily made by the Defendant after an advisement of *Miranda*
3  rights, and a voluntary and knowing waiver.  The motion to suppress statements is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to suppress evidence and motion to suppress statements (Doc. # 10) are DENIED.

DATED:  December 10, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge