# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br>vs.<br>ANTONIO DIAZ-DELGADO,<br>　　　　　　　　　Defendant. | CASE NO. 08cr3236 WQH<br><br>ORDER |

HAYES, Judge:

　　The matter before the court is the motion for new trial filed by Defendant Anthony Diaz-Delgado. (Doc # 57).

## BACKGROUND FACTS

　　On September 24, 2008, the grand jury returned an indictment charging that the Defendant, an alien, was found in the United States without permission of authorities in violation of 8 U.S.C. Section 1326 (a) and (b).

　　On April 1, 2009, the Court commenced a jury trial during which the United States presented a number of witnesses and exhibits, including a certificate of non-existence of record Exhibit 8.

　　On April 2, 2009, the jury returned a verdict of guilty of deported alien found in the United States as charged in the Indictment.

　　On June 25, 2009, the United States Supreme Court issued its decision in *Melendez-Diaz v. Massachusetts*, _ U.S. _, 129 S.Ct. 2527 (June 25, 2009) holding that it was error for the trial court to admit three "certificates of analysis" showing the results of the forsensic

analysis performed on seized substances in a cocaine trafficking trial. *Id.* at 2531. The Supreme Court found that "[t]he 'certificates' are functionally identical to live, in-court testimony, doing precisely what a witness does on direct examination." *Id.* at 2532 (quotations and citations omitted.)  The Supreme Court concluded that admission of the certificates violated the defendant's right of confrontation under the Sixth Amendment and that "[a]bsent a showing that the analysts were unavailable to testify at trial *and* that petitioner had a prior opportunity to cross-examine them, petition was entitled to 'be confronted with' the analysts at trial." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 54, 124 S.Ct. 1354 (2004)).  "The Sixth Amendment does not permit the prosecution to prove its case via *ex parte* out-of-court affidavits, and the admission of such evidence ... was error." 129 S.Ct. at 2542.  The Supreme Court reversed the judgment and remanded to the state court for further proceedings stating that "we express no view as to whether the error was harmless." *Id.* at 2542 n. 14.

On July 1, 2009, Defendant Diaz-Delgado moved the Court for a new trial on the grounds that the admission of Exhibit 8 certificate of non-existence violated his right of confrontation under the Sixth Amendment of the United Sates Constitution.  The Government contends that the Court should deny the motion for a new trial on the grounds that any error was harmless. The Government contends that significant additional evidence at trial supported the jury's finding that Defendant had not reapplied for lawful entry.

## ANALYSIS

Rule 33(a) of the Federal Rules of Criminal Procedure states in part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so require."  A motion to grant a new trial is left to the discretion of the district court, however, "[i]t should only be granted in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimental,* 654 F.2d 538, 545 (9th Cir. 1981).

The United States Supreme Court has applied the harmless-error standard to cases in cases involving Confrontation clause errors.  *See Delaware v. Van Arsdall,* 475 U.S. 673, 680, 106 S.Ct. 1431, 1436 (1986).  "The harmless error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or

innocence . . . and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." *Id.* at 681 (citation omitted).

In this case, the jury found beyond a reasonable doubt that "the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States" (Doc. # 48). Assuming that it was error to admit the certificate of non-existence to prove that the Defendant had not applied for admission into the United States, this Court must determine whether this court "may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Id*. At trial, Agent Robles testified that he personally reviewed the Defendant's A-file and searched data dases which would show whether the Defendant had applied for permission to re-enter after this prior deportation. Agent Robles testified that the Defendant's A-file and relevant databases did not contain any document indicating that the Defendant had reapplied for permission to reenter. In addition, the Defendant in his post-Miranda statement admitted that he had not applied for reentry into the United States.

The evidence presented at trial showed that the Defendant was apprehended by border patrol agents and admitted that he was illegally in the United States. The evidence in the certificate of non-existence was cumulative of the testimony of Agent Robles and Defendant's admissions. The Court confidently concludes, on the whole record, that any constitutional error from the admission of the certificate of non-existence was harmless beyond a reasonable doubt.

IT IS HEREBY ORDERED that the motion for new trial filed by Defendant Anthony Diaz-Delgado. (Doc # 57) is denied.

DATED: October 16, 2009

**WILLIAM Q. HAYES**
United States District Judge